■ JEANETTE SOBELMAN et al., Respondents, v. CITY OF NEW YORK, Appellant.— Order filed October 10, 1968, granting plaintiffs permission to file late notice of claim against the city pursuant to section 50-e of the General Municipal Law, unanimously reversed on the law and facts, with $30 costs and disbursements to the appellant, and the motion denied. Plaintiffs have failed to establish the failure to file timely notices was due to physical incapacity. (*Matter of Smith* v. *New York City Tr. Auth.*, 18 A D 2d 10; *Matter of Jones* v. *City of New York*, 30 A D 2d 938.) No excuse is offered for the failure of the plaintiff husband to file a notice within the prescribed period. Concur — Capozzoli, J. P., McGivern, McNally and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES DE LOACHE, Appellant.— Judgment unanimously affirmed. Although it was error to permit testimony by police officers as to the pretrial identification of the defendant by a third person, the other independent evidence of identification was so convincing and defendant's guilt so clearly established, the error may be treated as harmless pursuant to section 542 of the Code of Criminal Procedure. (See *People* v. *Aiken*, 23 N Y 2d 986.) Concur — Stevens, P. J., Capozzoli, Tilzer, McGivern and Markewich, JJ.

■ In the Matter of ANTONIOS BIBERIAS, as Father and Natural Guardian of JOANNA BIBERIAS, Respondent, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent-Appellant.— Order, entered July 11, 1969, unanimously reversed, on the law, without costs and without disbursements, and motion by personal injury claimant to file late notice of claim denied without costs. Although the claimant was an infant, but six years of age, at the time of the accident, an attorney was retained to represent her many days before the expiration of the statutory period fixed for service of a notice of claim. Therefore, the failure to serve a timely notice within the 90-day period prescribed by section 50-e of the General Municipal Law was not attributable to the infant's disability. (See *Matter of Goglas* v. *New York City Housing Auth.*, 13 A D 2d 939, affd. 11 N Y 2d 680; *Matter of Shankman* v. *New York City Housing Auth.*, 21 A D 2d 968, affd. 16 N Y 2d 500; *Matter of Weber* v. *New York City Tr. Auth.*, 28 A D 2d 685; *Anderson* v. *County of Nassau*, 31 A D 2d 761.) Concur — Stevens, P. J., Eager, Tilzer, Markewich and McNally, JJ.

■ In the Matter of DINO T. SCOTTI, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding under article 78 of the CPLR to review a determination of the State Liquor Authority, dated May 8, 1969, which canceled petitioner's solicitor's permit upon a finding that petitioner aided, abetted and/or participated in the sale of alcoholic beverages without an appropriate license. Determination unanimously modified, on the law, to the extent of annulling such cancellation and substituting therefor a provision that petitioner's license be suspended for six months; and as so modified, determination confirmed without costs or disbursements. In our opinion, upon the records before us, cancellation of petitioner's license was so disproportionate to the offense committed by petitioner as to constitute an abuse of discretion, and the penalty should have been limited to the suspension as indicated herein. Concur — Stevens, P. J., Eager, Tilzer, Nunez and Steuer, JJ.